UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAYLOR GAMMONS,

                              Plaintiff,

                                                                1:25-CV-1714
            v.                                                  (AJB/DJS)

SAMANTHA ANNA-KAY CODY, *et al.*,

                              Defendants.

_____

APPEARANCES:

SHAWN TAYLOR GAMMONS
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has forwarded for review a civil Complaint filed by Plaintiff. The Complaint was filed December 8, 2025. Dkt. No. 1, Compl.[1] The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

---

[1] This is the second action filed by Plaintiff regarding similar factual allegations. *See Gammons v. Cody, et al.*, 1:25-CV-941 (AJB/DJS).

- 1 -

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

The Complaint provides a lengthy recitation of facts regarding ongoing Family Court proceedings between Plaintiff Shawn Taylor Gammons and Defendant Samantha Anna-Kay Cody. *See generally*, Compl. Given the nature of the legal recommendations made below, a detailed explication of those facts is not necessary. Generally stated, however, Plaintiff appears to allege that numerous attorneys assigned to represent him, Ms. Cody, or their children, have conspired against Plaintiff to cause him a litany of harms including prejudice in the Family Court proceedings, denial of custodial, visitation, and parental rights, the denial of various economic rights, including access to credit and mortgages, the denial or loss of professional licenses, among other harms. *See* Compl. at ¶ 85.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## III. DISCUSSION

### A. State Action under Section 1983

Plaintiff's first cause of action asserts a claim under 42 U.S.C. § 1983. Compl. at ¶¶ 87-98. That claim is asserted against all Defendants and alleges, *inter alia*, violations of Plaintiff's rights under the Fourth, Sixth, Seventh, Thirteenth, and Fourteenth Amendments. *Id.* This claim is subject to dismissal against the vast majority of Defendants named in the action because they are not state actors subject to suit under section 1983. This basis for dismissal has previously been outlined for Plaintiff. *Gammons v. Cody*, 2025 WL 2722411, at *4 (N.D.N.Y. Sept. 2, 2025), *report and recommendation adopted*, 2025 WL 2719776 (N.D.N.Y. Sept. 24, 2025).

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).

- 4 -

Seven individual attorneys are named as Defendants in this action.  Compl. at p. 3.  They are sued either because they served as appointed counsel for Plaintiff or Ms. Cody, *id.* at ¶¶ 11, 15, 18, 20, & 22, or as a law guardian for one of Plaintiff's children. *Id.* at ¶¶ 10 & 13.  Neither role renders those attorneys state actors.  *See*, *e.g.*, *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d. Cir. 2015) (law guardian not a state actor); *Culpepper v. Tierney*, 2024 WL 3303268, at *2 (E.D.N.Y. July 2, 2024) (court appointed 18B counsel not a state actor); *Alexander v. Murphy*, 2018 WL 3232349, at *5 (N.D.N.Y. July 2, 2018), *report and recommendation adopted*, 2018 WL 6000145 (N.D.N.Y. Nov. 14, 2018) (private attorney not a state actor); *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015) (citing cases).  The law firms of six of these individuals are also named as Defendants, Compl. at ¶¶ 12, 14, 16, 18, 21, & 23, but are similarly subject to dismissal on the ground that the firms are not state actors.  *Bartolini v. Town of Dryden*, 2025 WL 1488505, at * 7 (N.D.N.Y. May 23, 2025); *Harrison v. New York*, 95 F. Supp. 3d at 328.

The Complaint also names Ms. Cody and Derek Cody as Defendants with respect to section 1983 claims.  Compl. at ¶¶ 5-6.  The Codys appear to be named as Defendants related to actions they took as litigants or witnesses in court proceedings related to the divorce between Plaintiff and Ms. Cody.  *See*, *e.g.*, Compl. at ¶¶ 85(9) & 85(15).  "Private parties are generally not amenable to suit under § 1983, because they are not state actors." *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664 (2d Cir. 2009).  "The mere fact that they allegedly availed themselves of the judicial system, . . . does not make them state

actors." *Gammons v. Cody*, 2025 WL 2722411, at *5 (citing *Sam & Mary Hous. Corp. v. New York State*, 632 F. Supp. 1448, 1450 (S.D.N.Y. 1986)).

While it is true that private actors may be proper § 1983 defendants when they conspire with state actors, mere conclusory allegations that a private individual acted in concert with state officials such as those made here, *see* Compl. at ¶ 1, are insufficient to establish state action. *Ciambreillo v. County of Nassau*, 292 F. 3d 307, 324 (2d Cir. 2002).

Accordingly, the Court recommends that the section 1983 claims against Defendants Samantha Cody, Derek Cody, Gross, Smith, Zacker, Lopez, Vredenburgh, White, and Gramalski, as well as the law firms associated with Gross, Zacker, Lopez, Vredenburgh, White, and Gramalski be dismissed based on a failure to allege state action.

### B. Proper Parties

The Greene County Support Collection Unit is named as a Defendant.  Compl. at ¶ 9.  Plaintiff claims that it is a "local government unit." *Id.*  Accepting that allegation to be true, dismissal would be appropriate because "[i]n New York, agencies of a municipality are not suable entities. The only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted." *Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009).  It also appears, in the event that Plaintiff has not properly identified the legal status of the Support Collection Unit, that dismissal on Eleventh Amendment immunity grounds would in any event be appropriate.  *See Phillips v.*

- 6 -

*Schenectady Child Support Unite*, 2025 WL 895035, at \*9 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted sub nom. Phillips v. Schenectady Cnty. Child Support Unit*, 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025).

The Complaint also identifies the Greene County Public Defender's Office as a Defendant. Compl. at ¶ 17. However, "a public defender's office is not considered a person [amenable] to suit under section 1983." *Rowland v. Ferguson*, 2025 WL 2960153, at \*4 (N.D.N.Y. Oct. 20, 2025), *report and recommendation adopted*, 2025 WL 3127187 (N.D.N.Y. Nov. 7, 2025) (internal quotation omitted); *see also Lewis v. Essex Cnty.*, 2024 WL 4712530, at \*16 (N.D.N.Y. June 18, 2024) ("the Essex County Public Defender's Office and the Essex County Conflict Defender's Office are not considered 'persons' under 42 U.S.C. § 1983.").

The Greene County Support Collection Unit and Greene County Public Defender's Office should, therefore, also be dismissed as Defendants.

### C. Defendants Gohl and DiCaprio

Danielle Gohl and Christina DiCaprio[3] are named in the Complaint and identified as case workers employed by Greene County. Compl. at ¶¶ 7-8. Each is alleged to have "acted in concert with other defendants." *Id.* Other than being identified as parties, however, neither is named at any other time in the Complaint. "To establish a defendant's

---

[3] Her name is spelled DeCaprio in the caption of the Complaint. Compl. at p. 1.

individual liability in a suit brought under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. Specifically, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023) (internal quotations, alterations, and citations omitted). The mere identification of an individual as a party is not enough to state their personal involvement. *Taylor v. City of New York*, 953 F. Supp. 95, 98 (S.D.N.Y. 1997); *Mullin v. P & R Educ. Servs., Inc.*, 942 F. Supp. 110, 114 (E.D.N.Y. 1996). Because there are no factual allegations of wrongdoing by either of these individuals, dismissal based on lack of personal involvement is recommended.

### D. Municipal Liability

Plaintiff's third cause of action names Greene County as a Defendant. Compl. at ¶¶ 103-105. Plaintiff generally alleges a conspiracy among all Defendants to enforce proceedings against Plaintiff in violation of his rights. *Id.* at ¶ 104.

In *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees.

*Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).  Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom."  *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91.  A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*").

Here, the Complaint identifies no unconstitutional policy on the part of Greene County.  That omission is fatal, at this juncture, to Plaintiff's Complaint.  *Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023) ("Plaintiff has not identified any formal town policy that has deprived [him] of equal protection."); *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 293 (N.D.N.Y. 2022) (dismissal required when complaint "does not allege the existence of any policy, practice, or custom from which [plaintiff's] alleged constitutional violation resulted.").

**E. Conversion Claim**

As it was with Plaintiff's original action, the second cause of action here is a conversion claim against Samantha and Derek Cody.  Compl. at ¶¶ 99-102; *see also Gammons v. Cody*, 2025 WL 2722411, at *5-6.

Federal courts are courts of limited jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Jurisdiction exists when the matter at issue arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Conversion is a "pure state law claim[]."  *Greenidge v. Mundo Shipping Corp.*, 41 F. Supp. 2d 354, 358 (E.D.N.Y. 1999).  As a result, no federal "arising under" jurisdiction exists for such a claim.

Jurisdiction also exists when diversity of citizenship is present.  28 U.S.C. § 1332.  "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000."  *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011).  "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted).  Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity jurisdiction does not exist.  *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998).  Plaintiff has not pled complete diversity exists here, as is his obligation.

- 10 -

*Andrade v. Reiter,* 2008 WL 11438303, at *3 (E.D.N.Y. June 13, 2008).  Nor does the Complaint suggest that exists here.  As a result, there is no complete diversity jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### E. Leave to Amend

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).  "However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate." *Norwood v. Albany City Police Dep't*, 2019 WL 7593292, at *2 (N.D.N.Y. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5415873

- 11 -

(N.D.N.Y. Oct. 23, 2019). Since the law is clear that the attorneys assigned to represent parties to state court litigation are not state actors, those claims should be dismissed without leave to amend. Plaintiff could, perhaps, make factual allegations to establish a claim against the remaining Defendants and so those claims should be dismissed with leave to amend.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED as set forth above**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 4, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 13 -