UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAYLOR GAMMONS,

                Plaintiff,

           -v-                                            1:25-CV-1714 (AJB/DJS)

SAMANTHA ANNA-KAY CODY *et al.*,

                Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

SHAWN TAYLOR GAMMONS
Plaintiff, Pro Se
85 Hunter Avenue
Albany, NY 12206

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On December 8, 2025, *pro se* plaintiff Shawn Taylor Gammons ("plaintiff") filed this 42 U.S.C. § 1983 action against various defendants involved in ongoing family court proceedings in Greene County. *See* Dkt. No. 1. Broadly speaking, the complaint alleges that multiple attorneys, case workers, and others have conspired to deny him certain parental and economic rights. *Id*. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On February 4, 2026, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with <u>partial</u> leave to amend. Dkt. Nos. 5, 6. As Judge Stewart explained, private actors are generally not amenable to suit under § 1983, and plaintiff's broad allegations of a conspiracy

against him were insufficient to bring any of the private-actor defendants within one of the exceptions to that general rule. Dkt. No. 6. Judge Stewart further concluded that certain defendants were not proper parties and that plaintiff had failed to state plausible claims against others. *Id*. Although Judge Stewart determined that plaintiff could not pursue claims against the seven private attorneys, he reasoned that plaintiff might be able to allege plausible claims against one or more of the remaining named defendants. *Id*. Accordingly, Judge Stewart recommended dismissal with <u>partial</u> leave to amend. *Id*.

Plaintiff has not lodged objections. Instead, plaintiff has filed: (1) an amended complaint; (2) a motion for a preliminary injunction; (3) an "emergency" motion to compel and for a protective order; (4) a request for admissions; (5) a request for a production of documents; (6) a motion for spoliation sanctions; (7) a notice to take deposition; and (8) a first set of interrogatories. Dkt. Nos. 7–14.

Upon *de novo* review, Judge Stewart's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff's other filings are premature—a party who proceeds IFP must ordinarily wait for the Court to accept a pleading for filing before proceeding any further in the litigation. Accordingly, his motions must be denied and his requests and interrogatories must be stricken from the docket.

Plaintiff's amended complaint, Dkt. No. 7, was also prematurely filed, since the Court had not yet accepted the R&R (which it will do today). But the Court declines to strike this amended pleading, at least at this time. Instead, the Court will adopt the R&R and give plaintiff the standard thirty-day period of time in which to file an amended pleading that conforms with the instructions set forth in the R&R. If plaintiff files *another* pleading within that thirty-day window, that new pleading will be referred to Judge Stewart for further action as appropriate. However, if plaintiff

does not file a new pleading within that thirty-day time frame, the current "amended complaint" (the one that was prematurely filed at Dkt. No. 7) will be referred to Judge Stewart for review.

A final observation. Plaintiff has previously filed federal-court litigation arising out of similar, or perhaps related, family court proceedings in Greene County. *Gammons v. Cody*, 1:25-CV-941 (N.D.N.Y.) (AJB/DJS). That prior federal-court case was dismissed because plaintiff (quite reasonably under the circumstances) elected not to try to amend that pleading after it was dismissed. *See id*. Notably, in that previous case plaintiff was advised about some of the same legal issues that have come up in this newly filed case. *See id*.

This new lawsuit is somewhat distinct from plaintiff's old one. Even so, the Court cautions plaintiff that alleged misconduct by others occurring in connection with ongoing domestic relations matters in state court are almost always going to be a matter for the state courts to adjudicate. Congress has only given federal courts limited jurisdiction, and one consequence of that "limited" jurisdictional grant is that you cannot ordinarily bring meritorious federal civil rights lawsuits against actors involved in a state-court proceeding.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 6) is ACCEPTED;

2. Plaintiff's complaint is DISMISSED with <u>partial</u> leave to amend;

3. Plaintiff's motions (Dkt. Nos. 8, 9, 12) are DENIED;

4. Plaintiff's requests (Dkt. No. 10, 11, 13, 14) are STRICKEN;

5. Plaintiff shall have THIRTY DAYS in which to file a further amended complaint that conforms with the instructions set forth in Judge Stewart's R&R;

- 4 -

6. If plaintiff timely files a further amended complaint, the matter shall be referred to Judge Stewart for further action as appropriate; and

7. If plaintiff does not timely file a further amended complaint, the matter shall be referred to Judge Stewart for a review of the (Dkt. No. 7) amended complaint.

The Clerk of the Court is directed to terminate the pending motions and set the appropriate deadlines.

**IT IS SO ORDERED.**


Dated: February 23, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge