UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAYLOR GAMMONS,

                  Plaintiff,

       v.

GREENE COUNTY SUPPORT COLLECTION UNIT,
*et al.*,

                  Defendants.

1:25-CV-1714
(AJB/DJS)

_____

**APPEARANCES:**

SHAWN TAYLOR GAMMONS
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On February 4, 2026, this Court issued a Report-Recommendation that the Complaint, Dkt. No. 1, in this matter be dismissed. Dkt. No. 6. The District Court adopted the Report-Recommendation and granted Plaintiff leave to file an Amended Complaint. Dkt. No. 15. The Amended Complaint was filed and is before the undersigned for review. Dkt. No. 19, Am. Compl.[1]

---

[1] Several additional Motions filed by Plaintiff are pending. Dkt. Nos. 17 & 20. Given the recommendation that the Amended Complaint be dismissed, it is also recommend that those Motions be denied.

- 1 -

The legal standards for that review were set forth in detail in the prior Report-Recommendation, Dkt. No. 6 at pp. 2-3, and will not be repeated here. In essence, the obligation to review the Amended Complaint under 28 U.S.C. § 1915(e) requires the Court to consider whether it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As noted in the original Report-Recommendation "[a] court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure," including Rule 8. Dkt. No. 6 at p. 3.

## I. THE AMENDED COMPLAINT

Plaintiff's Amended Complaint names eight Defendants. Am. Compl. at pp. 1-2. It asserts six causes of action. *Id.* at p. 3. The Amended Complaint identifies three causes of action brought pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) which recognized that a local municipality can be held liable under 42 U.S.C. § 1983 for violations of constitutional rights under certain circumstances. Am. Compl. at p. 3. Those claims are brought against Columbia County and Greene County. *Id.* at p. 1. The Amended Complaint then identifies three causes of action against individual Defendants, one each against Defendants Leggio, Tailluer, and Costanzo. *Id.* at p. 3. The Amended Complaint offers relatively little by way of factual allegation. It identifies some of the individually named Defendants by title, *id.* at p. 2, then contains these allegations:

- 2 -

*B. The Three Monell Customs*

CUSTOM ONE: Case Fragmentation as Deprivation Tool

Tailluer established a policy of refusing to integrate related family proceedings (2015-2024). Costanzo maintains this policy (October 29, 2026 administrative announcement confirming continuation of Tailluer's administrative policy). Leggio implements by operating a separate support docket.

CUSTOM TWO: Exploitation of Family Trauma

Tailluer established scheduling to maximize distress (July 14, 2025 hearing 3 hours before Eliana's funeral). Costanzo continued this practice (October 29, 2025 hearing announcing my constitutional rights do not apply in his courtroom). Leggio coordinated timing to ensure trauma-informed litigation.

CUSTOM THREE: Cross-Docket Coordination

Tailluer and Costanzo coordinate as senior and Administrative Judges to manufacture outcomes. Leggio executes with 116-day delay and 1-day post-trial filing.

*C. The 116-Day Coordination: Mathematical Proof*

Leggio's proceedings concluded November 5, 2025. Recommendation due November 25, 2025. Filed February 28, 2026- one day after Costanzo trial concluded February 27, 2026.

Probability of innocent explanation: 1 in 10,000 (250 hearing days/year x 40 possible trial dates).

*Id.* at pp. 2-3.

- 3 -

## II. DISCUSSION

### A. State Action under Section 1983

The Court begins by noting that Defendants Gross and Zacker are identified as Guardians Ad Litem and named as Defendants in the case. Am. Compl. at p. 2. No factual allegations are then made against them. *See generally id.* The failure to make factual allegations against these individuals is a basis for dismissal. So too is the fact that, as Guardians Ad Litem, these individuals are not state actors who are subject to suit under section 1983. *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012); *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999) (citing cases).

### B. Improper Party

The Greene County Support Collection Unit is again named as a Defendant. Am. Compl. at p. 2. For the reasons identified in the Court's prior Report-Recommendation Plaintiff cannot assert a claim against this Defendant. Dkt. No. 6 at pp. 6-7.

### C. Municipal Liability

Plaintiff purports to assert claims against Columbia County and Greene County. Am. Compl. at p. 1.

In *Monell*, the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy

- 4 -

of some nature caused a constitutional tort." 436 U.S. at 691. Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)). Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91.

This Court's prior Report-Recommendation noted that Plaintiff had failed to allege any unconstitutional policy. Dkt. No. 6 at p. 9. Plaintiff now alleges the existence of three unconstitutional municipal "customs": case fragmentation as a deprivation tool, exploitation of family trauma, and cross-docket coordination. Am. Compl. at p. 2. Each is supported with entirely conclusory factual allegations. *Id.* Plaintiff claims, for example, that the municipal Defendants had "a policy of refusing to integrate related family proceedings" and "established scheduling to maximize distress." *Id.* He offers no additional factual support to explain these claims.

"The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). "To the extent that any allegations in Plaintiff's amended complaint suggest that the purported conduct was pursuant to a policy, they are wholly conclusory and lack

any factual detail" and that is a basis for dismissal.  *D.J. by Comfort v. Corning-Painted Post Area Sch. Dist.*, 722 F. Supp. 3d 148, 162 (W.D.N.Y. 2024).

**D. Claims against Individual Defendants**

Three "individual liability" claims are asserted in the Amended Complaint against Defendants Leggio, Tailluer, and Costanzo.  Am. Compl. at p. 3.  Each Defendant is identified as either a state judge or support magistrate.  *Id.* at pp. 2-3.  These claims should be dismissed.

First, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citations and internal alterations omitted).  The Amended Complaint offers little factual detail as to these claims as well.  Where, as here, the pleading "does

- 6 -

not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal" dismissal is appropriate. *Id.*

Second, each Defendant is likely immune from suit. This Court outlined the legal principles underlying judicial immunity in prior litigation involving Plaintiff this way:

> Judicial immunity is applicable to conduct taken by the court as part of its judicial power and authority, and its absolute protection extends to all judicial acts except those performed in the clear absence of all jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Supreme Court has emphasized that the scope of a judge's jurisdiction must be construed broadly. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).
>
> "Judicial immunity is overcome in only two circumstances: (1) a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *McCluskey v. Roberts*, 2022 WL 2046079, at *5 (2d Cir. June 7, 2022) (internal quotation omitted). Acts related to a specific case, such as the orders of protection and support determinations at issue here, are clearly judicial in nature. *Bliven v. Hunt*, 579 F.3d at 210. And "[j]udicial immunity applies to these judicial acts even if they were allegedly done maliciously or corruptly." *McCluskey v. Roberts*, 2022 WL 2046079, at *5.

*Gammons v. Cody*, 2025 WL 2722411, at *3 (N.D.N.Y. Sept. 2, 2025), *report and recommendation adopted*, 2025 WL 2719776 (N.D.N.Y. Sept. 24, 2025). Given the nature of the allegations in the original Complaint, it appears likely that Plaintiff's claims

against these individuals relate to judicial actions taken by them, Plaintiff's conclusory claims to the contrary, Am. Compl. at p. 3, notwithstanding. *See Estes-El v. Town of Indian Lake*, 954 F. Supp. 527, 534 (N.D.N.Y. 1997) (noting that a party's conclusory assertions are insufficient to defeat an immunity claim). Plaintiff's perfunctory pleading, however, makes it difficult to address the immunity question with certainty.

### E. Leave to Amend

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, Plaintiff was granted leave to amend and so given the nature of the allegations, the Court recommends that further leave to amend not be granted and that the Amended Complaint be dismissed.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED as set forth above**; and it is further

**RECOMMENDED**, that Plaintiff's other pending Motions be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 30, 2026
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

- 9 -