**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SHAWN TAYLOR GAMMONS,

              Plaintiff,

         -v-                          1:25-CV-1714 (AJB/DJS)

GREENE COUNTY SUPPORT
COLLECTION UNIT _et al._,

              Defendants.

_____

**APPEARANCES:**                       **OF COUNSEL:**

SHAWN TAYLOR GAMMONS
Plaintiff, Pro Se
85 Hunter Avenue
Albany, NY 12206

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**ORDER ON REPORT & RECOMMENDATION**</u>

On December 8, 2025, _pro se_ plaintiff Shawn Taylor Gammons ("plaintiff") filed this 42 U.S.C. § 1983 action against various defendants involved in ongoing family court proceedings in Greene County. _See_ Dkt. No. 1. Broadly speaking, the complaint alleged that multiple attorneys, case workers, and others conspired to deny him certain parental and economic rights. _Id_. Along with his complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application"). Dkt. No. 2.

On February 4, 2026, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with <u>partial</u> leave to amend. Dkt. Nos. 5, 6. As Judge Stewart explained, private actors are generally not amenable to suit under § 1983, and plaintiff's broad allegations of a conspiracy

- 1 -

against him were insufficient to bring any of the private-actor defendants within one of the exceptions to that general rule. Dkt. No. 6. Judge Stewart further concluded that certain defendants were not proper parties and that plaintiff had failed to state plausible claims against others. *Id*. Although Judge Stewart determined that plaintiff could not pursue claims against the seven private attorneys, he reasoned that plaintiff might be able to allege plausible claims against one or more of the remaining named defendants. *Id*. Accordingly, Judge Stewart recommended dismissal with <u>partial</u> leave to amend. *Id*.

Plaintiff did not lodge objections to the R&R. Instead, plaintiff filed: (1) an amended complaint; (2) a motion for a preliminary injunction; (3) an "emergency" motion to compel and for a protective order; (4) a request for admissions; (5) a request for a production of documents; (6) a motion for spoliation sanctions; (7) a notice to take deposition; and (8) a first set of interrogatories. Dkt. Nos. 7–14.

On February 23, 2026, after conducting a *de novo* review, this Court accepted and adopted Judge Stewart's R&R. Dkt. No. 15. Because most of plaintiff's other filings were premature, his various motions were denied and his requests and interrogatories were ordered stricken from the docket. *Id*. Although plaintiff's amended complaint was also prematurely filed (since the R&R permitting him to partially re-plead had not yet been adopted), the Court declined to strike it. *Id*.

Instead, the Court adopted the R&R and gave plaintiff the standard thirty-day period of time in which to file an amended pleading that conforms with the instructions set forth in the R&R. Dkt. No. 15. As the Court explained, if plaintiff filed *another* pleading within that thirty-day window, the newest pleading would be referred to Judge Stewart for further action as appropriate. *Id*. However, if plaintiff elected not to file another pleading within that thirty-day time frame, the

current "amended complaint" (the one that was prematurely filed at Dkt. No. 7) would be referred to Judge Stewart for review.  Dkt. No. 16.

Thereafter, plaintiff filed a second amended complaint.  Dkt. No. 16.  But it was initially unsigned.  *Id*.  Plaintiff soon re-filed a signed copy of this pleading.  Dkt. No. 19.  Plaintiff also filed an unsigned letter motion seeking to stay proceedings in state court, Dkt. No. 17, an "emergency" motion for a temporary restraining order and preliminary injunction, Dkt. No. 18, and a second motion to stay proceeding in state court that appears to be similar to the first one but is signed this time around, Dkt. No. 20.  This Court denied plaintiff's emergency motion but left the second amended complaint referred to Judge Stewart for an initial review.  Dkt. No. 21.

On March 30, 2026, Judge Stewart reviewed plaintiff's signed second amended complaint, Dkt. No. 19, and, based on his initial review, advised in a second R&R that this pleading be dismissed <u>without</u> further leave to amend.  Dkt. No. 22.  As Judge Stewart explained, plaintiff's claims remained deficient for substantially the same reasons that were previously explained in the first R&R.  *Id*.  And because plaintiff's claims remained entirely deficient even though he had previously been given instructions about pleading requirements and partial leave to amend, Judge Stewart recommended against further re-pleading.  *Id*.

Plaintiff has lodged objections.  Dkt. No. 25.  Plaintiff has also filed another motion to stay proceedings, Dkt. No. 23, and a "corrected" amended complaint, Dkt. No. 24.  In his objections, plaintiff contends that he has recorded certain state-court judges telling him that "constitutional rights don't apply" in their courtrooms and complains broadly about the acts and omissions of judicial officers, employees, court staff, and attorneys involved in the family-court matter.  *See* Dkt. No. 25.  Likewise, plaintiff's "corrected" amended complaint names state-court judicial

officers, court-appointed attorneys, and reasserts claims against county employees serving in child protective services roles. *See* Dkt. No. 24.

Upon *de novo* review, Judge Stewart's second R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). This Court previously cautioned plaintiff that this case looked broadly similar to a previous civil action that he had filed called *Gammons v. Cody*, 1:25-CV-941 (N.D.N.Y.) (AJB/DJS). As this Court explained at the time, that action had been dismissed for some of the same legal deficiencies that have been identified in this action. *See* Dkt. No. 15. And as this Court cautioned plaintiff, alleged misconduct by private parties and judicial officers and staffers occurring in connection with ongoing domestic relations matters in state court (such as entitlement to child support payments) are almost always going to be a matter for the state courts to adjudicate. *See id.*

To be sure, it is possible in certain situations to assert an actionable § 1983 claim against state or local employees engaged in official action (and in very narrow circumstances, even judicial officers). But none of plaintiff's filings give any indication that the conduct about which he has complained might be actionable under § 1983. To the contrary, plaintiff's recent spate of filings confirm that he does not have any plausible claims against any of the named defendants involved in the ongoing state-court matter. Accordingly, the second R&R is accepted and will be adopted.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 22) is ACCEPTED;

2. Plaintiff's complaint is DISMISSED <u>without</u> leave to amend; and

3. Plaintiff's motions (Dkt. Nos. 17, 20, 23) are DENIED.

- 5 -

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 24, 2026
　　　　Utica, New York.

Anthony J. Brindisi
U.S. District Judge